Honorable Gerald Kopel Honorable Jim Robb State Representatives State Capitol Denver, Colorado 80203
Dear Representatives Kopel and Robb:
This is in response to your January 27, 1981 request for an opinion on the constitutionality of H.B. 1164 (1981 Session).
QUESTION PRESENTED AND CONCLUSION
Your question is whether the legislature can set experience and training requirements for election to the office of county coroner:
My answer is "no."
ANALYSIS
As introduced, H.B. 1164 (1981 Session) would add the following new subsection to C.R.S. 1973, 30-10-601:
 (2) A coroner elected pursuant to subsection (1) of this section shall have a minimum of ____ years' experience in training in one or more of the healing arts professions or in the field of law enforcement, which may include but shall not be limited to experience or training as a physician, nurse, or law enforcement official or completion of a course in medicolegal death investigation.
The county coroner is among several county offices created by article XIV, section 8 of the Colorado Constitution. Qualifications for election to county office are stated in article XIV, section 10 as follows:
 No person shall be eligible to any county office unless he shall be a qualified elector; nor unless he shall have resided in the county one year preceding his election.
Neither section 8 nor section 10 of article XIV expressly authorizes the legislature to impose additional qualifications for election as county coroner. Thus, the question is whether the framers of the Constitution intended the qualifications in section 10 to be the exclusive requirements for election to county office.
The applicable general rule is that when the Constitution creates an office and prescribes qualifications for holding office, the legislature has no power to add those qualifications.Anno., 34 A.L.R.2d 155. See, e.g.,Opinion of the Justices, 290 A.2d 645 (N.J. 1972). However, I have found no Colorado case which is directly on point. In Darrow v. People, 8 Colo. 417, 8 P. 661
(1885), the Colorado Supreme Court interpreted article VII, section 6 which states that:
 No person except a qualified elector shall be elected or appointed to any civil or military office in the state.
The court held that this provision did not prohibit the legislature from adding qualifications for the office of alderman. That case, however, is distinguishable from the present situation because the position of alderman is not a constitutional office.
Traditionally, the office of coroner has been considered to be an administrative office rather than a technical position requiring medical or legal expertise. See attorney general opinion 60-3412. Prior to this bill, the legislature has not imposed additional statutory requirements on eligibility for election as coroner. See attorney general opinion 67-4039. The only statutory restriction provides that one who is elected coroner cannot practice as an attorney in that county. C.R.S. 1973, 12-5-109. That restriction, however, is not an eligibility requirement.
Similarly, the legislature has not imposed additional eligibility requirements for other county offices listed in section 8 of article XIV with the exceptions of county attorney and the county superintendent of schools. See C.R.S. 1973, 30-11-118
and C.R.S. 1973, 30-10-1001(2). Both of those offices are treated differently by the Constitution from the coroner because express authority over both positions is given to the legislature.[1]
Thus, I conclude that the legislature cannot impose additional requirements for election to the office of coroner.
SUMMARY
Because the office of county coroner is created by the Constitution and qualifications for holding office are specified in the Constitution, it is my opinion that the legislature cannot add to those qualifications by adopting experience and training requirements for that office.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORONERS COUNTY OFFICERS AND EMPLOYEES QUALIFICATIONS
H.B. 1164 (1981 Session)
C.R.S. 1973, 30-10-601
C.R.S. 1973, 12-5-109
C.R.S. 1973, 30-11-118
C.R.S. 1973, 30-10-1001(2)
Colo. Const. art. XIV, secs. 8, 10
Colo. Const. art. IX, § 6
LEGISLATIVE BRANCH House of Representatives
Under Colo. Const. art. XIV, secs. 8 and 10, legislature has no power to impose additional requirements for election as county coroner.
[1] Article XIV, section 8 refers to "one county attorney who may be elected or appointed, as shall be provided by law." Article IX, section 6 states that the qualifications of the county superintendent of schools "shall be prescribed by law."